UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIEZER EDELMAN, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMPLETE SOLARIA, INC. F/K/A FREEDOM ACQUISITION I CORP,<br><br>　　　　Defendant. | 24 CV _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(b) and 1446, and Local Civil Rule 81.1, Defendant Complete Solaria Inc. ("Complete Solaria"), by its undersigned counsel, hereby notices the removal of *Edelman v. Complete Solaria Inc.*, Index No. 650189/2024, from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York. As grounds for this removal, Defendant respectfully states as follows:

### Introduction

1.　　On or about January 12, 2024, Plaintiff Eliezer Edelman, on behalf of himself and all others similarly situated, filed a class action against Defendant Complete Solaria Inc., in the Supreme Court of the State of New York, County of New York. Plaintiff's action was assigned Index No. 650189/2024 (the "State Action").

2.　　On January 30, 2024, Plaintiff served Complete Solaria's Agent for Service of Process. Attached as Exhibit 1 is a copy of all process and pleadings from the New York Supreme Court docket, including a printout of the docket sheet, the Summons, Complaint and exhibit appended thereto, and the proof of service.

3.  Complete Solaria now removes this case to the United States District Court for the Southern District of New York.

4.  This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different countries, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

5.  Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim is alleged to have occurred in New York, New York: the warrants traded on the New York Stock Exchange ("NYSE"). *See* Ex. 1, Compl. at ¶ 7. Moreover, Plaintiff acknowledges that the Warrant Agreement designates proper jurisdiction and venue, and that "Section 9.3 of the Warrant Agreement states that any action 'arising out of or relating in any way to this [Warrant] Agreement shall be brought and enforced in the courts of the State of New York or the United States District Court for the Southern District of New York." *Id.* ¶ 9. *See GMAC Com. Mortg. Corp. v. LaSalle Bank Nat'l Ass'n*, 242 F. Supp. 2d 279, 281–84 (S.D.N.Y. 2002) (holding that action was properly removed where parties contractually agreed to submit to jurisdiction of "courts of the State of New York sitting in the borough of Manhattan or of the United States District Court for the Southern District of New York"); *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F. Supp. 2d 389, 390–91 (S.D.N.Y. 2009) (same); *see also Peracchio v. Nat'l Sports Acad.*, 2014 WL 1775509, at *2–3 (N.D.N.Y. May 2, 2014) (similar).

6.  When a contract specifies that parties consent to the jurisdiction of state or federal courts within a particular geographic region, the agreement does not waive a defendant's right to remove. *Proyecfin de Venezuela, S.A. v. Banco Indus. de Venezuela, S.A.,* 760 F.2d 390, 393–94 (2d Cir. 1985) (dismissing argument that a forum selection clause permitting jurisdiction in either state or federal court amounts to an express waiver of defendant's right to remove).

7. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after Defendant was served in the State Action.

### Diversity of Citizenship

8. "[I]n a class action only the named plaintiffs need be diverse with the defendants to establish diversity jurisdiction." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 334 (2d Cir. 2006) (citing *Snyder v. Harris*, 394 U.S. 332, 340 (1969)).

9. Plaintiff Eliezer Edelman alleges he is a "resident of Israel." *See* Ex. 1, Compl. at ¶ 6.

10. "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

11. Plaintiff admits that "Defendant is a publicly traded company incorporated in Delaware with its principal place of business located at 45700 Northport Loop East, Fremont, CA 94538." Ex. 1, Compl. at ¶ 7.

12. Because Plaintiff alleges that he is an Israeli citizen, and Complete Solaria is a citizen of Delaware and California, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a).

### Amount in Controversy

13. Plaintiff's Complaint seeks damages that exceed $75,000, exclusive of interest and costs. Ex. 1, Compl. at ¶ 50. Plaintiff alleges that "Defendant breached and repudiated its obligations under the Warrant Agreement by failing to recognize the adjustments to the Warrant Price alleged herein," and "as a direct, approximate, and foreseeable result of Defendant's breach,

Plaintiff and the Class have suffered losses in an amount to be determined at trial, but estimated to exceed $5,000,000." *Id.* at ¶¶ 49–50.

## Conclusion

14. Pursuant to 28 U.S.C. § 1446(d), Complete Solaria is filing this Notice of Removal with the Clerk of the New York state court in which Plaintiff filed the action. A copy of this Notice of Removal is also being served upon Plaintiff's counsel at Glancy LLP.

15. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Complete Solaria's right to assert any defense or affirmative matter.

WHEREFORE, Defendant Complete Solaria Inc. requests that Index No. 650189/2024 of the Supreme Court of the State of New York, County of New York be removed to the United States District Court for the Southern District of New York and that this action proceed in this Court as an action properly removed to it.

Dated: New York, New York
February 29, 2024

Respectfully submitted,

COOLEY LLP

By: */s/ Aric H. Wu*
    Aric H. Wu
    Brian M. French
    Sarah M. Topol

55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
ahwu@cooley.com
bfrench@cooley.com
stopol@cooley.com

*Attorneys for Defendant Complete Solaria Inc.*